## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2012

No. 12-30365
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARY L. FRANCOIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:10-CR-303-1

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mary L. Francois pleaded guilty to counts 4 and 5 of a 32-count indictment charging her with wire fraud related to her activities as a mortgage broker. She has appealed her sentence, contending that the district court erred in determining the loss attributable to her fraudulent conduct.

The district court found that the loss amount attributable to Francois was $153,359, which was the amount that Francois had redirected to her businesses as kickback proceeds. Citing *United States v. Goss*, 549 F.3d 1013 (5th Cir.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2008), Francois contends that the district court should have undertaken a loan-by-loan analysis of the value of any available collateral instead of focusing on the extent of her purported gain.  She contends that most of the loans she brokered are fully performing and that, therefore, no loss was sustained by the lenders.  She contends also that any loss sustained by the lenders was not caused by her fraudulent conduct and should not be attributed to her.  There is no evidence, she argues, that she intended that the lenders would suffer a loss.

In *Goss*, we determined that *actual loss* in a mortgage fraud case is "determined by deducting the value of the collateral from the total loan amounts."  *United States v. Murray*, 648 F.3d 251, 255 (5th Cir. 2011) (discussing *Goss*, 549 F.3d at 1017-18), *cert. denied*, 132 S. Ct. 1065 (2012).  In the district court, Francois took the position that the actual losses could not be determined and that the total loss should be limited to the amount by which she profited from the criminal enterprise.  She did not argue, as she does on appeal, that the district court should have determined the actual loss using the methodology in *Goss*.

Therefore, we have reviewed the issues asserted by Francois for plain error.  *See United States v. Sotelo*, 97 F.3d 782, 793 (5th Cir. 1996).  To show plain error, Francois must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Under the Guidelines, financial losses are determined by using the greater of actual loss or intended loss.  U.S.S.G. § 2B1.1, comment. (n.3(A)) (2010).  When there is a loss but the amount of the loss cannot reasonably be determined, however, the sentencing court shall determine "the gain that resulted from the offense as an alternative measure of loss."  § 2B1.1, comment. (n.3(B)).  The district court is only required to "make a reasonable estimate of

loss," and its findings are "entitled to appropriate deference." *United States v. Brooks*, 681 F.3d 678, 713-14 (5th Cir. 2012), *petitions for cert. filed* (Aug. 9 and 16, 2012) (Nos. 12-5812 & 12-5847); *see also Goss*, 549 F.3d at 1019; § 2B1.1, comment. (n.3(C)).

In this case, the district court concluded that the actual and intended amount of the loss could not be determined, and it based its loss determination on the amount by which Francois gained from her fraudulent scheme. After reviewing the record, we hold that it was reasonable for the district court to determine the amount of the loss on that basis. *See Brooks*, 681 F3d at 713-14; *United States v. McMillan*, 600 F.3d 434, 458-59 (5th Cir. 2010) (district court did not clearly err in determining loss at sentencing on basis of defendants' gain from offense because amount of victims' loss could not be reasonably calculated). Francois has not shown that the district court committed a clear or obvious error in calculating the loss based on the sums by which Francois's businesses gained from the offense and relevant conduct. *See Puckett*, 556 U.S. at 135; § 2B1.1, comment. (n.3(A)(ii) & (B)). The judgment is AFFIRMED.